LOCKE LORD LLP
Nina Huerta, 229070
nhuerta@lockelord.com
Christopher Lee, 274639
clee@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
213-485-1500

Attorneys for Defendants
OCWEN LOAN SERVICING, LLC, WESTERN PROGRESSIVE, LLC and WELLS FARGO BANK, N.A., as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC1, Mortgage Pass-Through Certificates, Series 2006-WMC1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA WOODRING, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware corporation; WESTERN PROGRESSIVE, LLC, a Delaware corporation; WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC1, Mortgage Pass-Through Certificates, Series 2006-WMC1; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | CASE NO. 2:14-CV-03416 BRO (Ex)<br><br>Honorable Beverly Reid O'Connell<br><br>**DEFENDANTS' MOTION TO DISMISS**<br><br>**Date:** **July 7, 2014**<br>**Time:** **1:30 p.m.**<br>**Place:** **Courtroom 14**<br><br>[Removal from the Superior Court of California, Los Angeles County, Case No. BC541105]<br><br>Complaint Filed: April 1, 2014 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 7, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Beverly Reid O'Connell in Courtroom 14 of the above-entitled court located at 312 N. Spring Street, Los Angeles, California 90012, Defendants Ocwen Loan Servicing, LLC, Western Progressive, LLC and Wells Fargo Bank, N.A., as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC1, Mortgage Pass-Through Certificates, Series 2006-WMC1 (collectively "Defendants") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Gina Woodring's Complaint on the grounds that the causes of action fails to state a claim upon which relief may be granted.

This motion is based upon this notice of motion and motion, the incorporated memorandum of points and authorities, Defendants' request for judicial notice, the pleadings and papers on file herein and upon such material as may be presented at or before the hearing of this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 2, 2014.

Dated: June 6, 2014

Respectfully submitted,

LOCKE LORD LLP

By: /s/ *Christopher Lee*
　　　Nina Huerta
　　　Christopher Lee
*Attorneys for Defendants OCWEN LOAN SERVICING, LLC, WESTERN PROGRESSIVE, LLC and WELLS FARGO BANK, N.A., as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC1, Mortgage Pass-Through Certificates, Series 2006-WMC1*

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ...................................................................................................3

III. ARGUMENT .........................................................................................................3

    A. Legal Standard ............................................................................................3

    B. Plaintiff Fails to State a Claim for Violation of Civil Code Section 2923.5. ..........................................................................................................4

    C. Plaintiff Fails to State a Claim for Violation of Civil Code Section 2924(a)(5). ....................................................................................................6

    D. Plaintiff Fails to State a Claim for Violation of Civil Code Section 2924(a)(6). ....................................................................................................6

    E. Plaintiff Fails to State a Claim for Violation of Civil Code Section 2923.6(c). .....................................................................................................8

    F. Plaintiff's UCL Claim Fails To State A Claim. ..........................................9

    G. Plaintiff's Declaratory Relief Claim Fails Because There Is No Substantive Basis For Relief .....................................................................11

IV. CONCLUSION ....................................................................................................11

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..................................................................................4

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007)..................................................................................4

*DeLeon v. Wells Fargo Bank, N.A.*,
 No. 10-CV-01390-LHK, 2011 WL 311376 (N.D. Cal. Jan. 28, 2011)..............10

*Gens v. Wachovia Mortgage Corp.*,
 No. CV10-01073, 2010 WL 1924777 (N.D. Cal. May 12, 2010).......................7

*Hartford Life & Annuity Ins. Co. v. Doris Barnes*,
 No. 10–7560, 2012 WL 688817 (C.D. Cal. Feb. 3, 2012) ..................................9

*Justo v. Indymac Bancorp*
 (C.D. Cal. Feb. 19, 2010) No. 09-1116 JVS, 2010 WL 623715 .......................10

*Lindberg v. Wells Fargo Bank N.A.*,
 No. 13-0808, 2013 WL 1736785 (N.D. Cal. Apr. 22, 2013) ..............................8

*McGough v. Wells Fargo Bank, N.A.*,
 No. 12–0050, 2012 WL 5199411 (N.D. Cal. Oct. 22, 2012) ..............................9

*Padayachi v. Indymac Bank*
 (N.D. Cal. Apr. 9, 2010) No. C 09-5545 JF (PVT), 2010 WL 1460309............11

*Pantoja v. Countrywide Home Loans, Inc.*,
 640 F. Supp. 2d 1177 (N.D. Cal. 2009).............................................................10

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
 494 F.3d 788 (9th Cir. 2007) .............................................................................10

*Perry v. National Default Servicing Corporation*,
 2010 WL 3325623 (N.D. Cal. Aug. 20, 2010)....................................................7

*Rubio v. Capital One Bank*
 (9th Cir. 2010) 613 F.3d 1195 ..........................................................................10

*Santos v. Countrywide Home Loans*,
 No. Civ. 2:09-02642, 2009 WL 3756337 (E.D. Cal. Nov. 6, 2009) .................. 11

*Sepehry-Fard v. Aurora Bank FSB*,
 No. 12-00871, 2013 WL 2239820 (N.D. Cal. May 21, 2013) ............................. 9

*Sprewell v. Golden State Warriors*,
 266 F.3d 979 (9th Cir. 2001) ........................................................................ 4, 6

*United States v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) ............................................................................ 4

**STATE CASES**

*Ball v. FleetBoston Fin. Corp.*,
 164 Cal. App. 4th 794 (2008) ......................................................................... 11

*Bernardo v. Planned Parenthood Fed. of Am.*,
 115 Cal. App. 4th 322 (2004) ........................................................................... 9

*Clayworth v. Pfizer, Inc.*
 49 Cal. 4th 758 (2010) .................................................................................... 10

*Daro v. Superior Court,*
 151 Cal. app. 4th 1079 (2007) ........................................................................ 11

*Emery v. Vista Int'l Serv. Ass'n,*
 95 Cal. App. 4th 952 (2002) ........................................................................... 10

*Glue-Fold, Inc. v. Slautterback Corp.*,
 82 Cal. App. 4th 1018 (2000) ......................................................................... 11

*Khoury v. Maly's of Cal., Inc.*,
 14 Cal. App. 4th 612 (1993) ........................................................................... 10

*Krantz v. BT Visual Images, LLC*,
 89 Cal. App. 4th 164 (2001) ........................................................................... 10

*Lueras v. BAC Home Loans Servicing, LP*,
 221 Cal. App. 4th 49 (2013) ............................................................................. 8

*Mabry v. Super. Ct.*,
 185 Cal. App. 4th 208 (2010) .................................................................. 2, 5, 6

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

*McClung v. Emp't Dev. Dept.*,
    34 Cal. 4th 467 (2004) .............................................................................................. 9

*McDowell v. Watson*,
    59 Cal. App. 4th 1155 (1997) .................................................................................. 11

*Ochs v. PacifiCare of Cal.*,
    115 Cal. App. 4th 782 (2004) .................................................................................. 11

*Stebley v. Litton Loan Servicing, LLP*,
    202 Cal. App. 4th 522 (2012) .................................................................................... 5

*W. & S. Life Ins. Co. v. State Bd. of Equalization*,
    4 Cal. App.3 d 21, 34 (1970) ..................................................................................... 9

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................................... 1, 2, 9, 10

Cal. Bus. & Prof. Code § 17204 ............................................................................ 9, 10

Cal. Civ. Code § 2923.5 ................................................................................... 1, 4, 5, 6

Cal. Civ. Code § 2923.6 .......................................................................................... 2, 8, 9

Cal. Civ. Code 2923.6(c) ........................................................................................ 1, 8, 9

Cal. Civ. Code § 2923.6(c)(1)-(3) ............................................................................ 8, 9

Cal. Civ. Code § 2923.6(h) ........................................................................................... 8

Cal. Civ. Code § 2924(a)5 ...................................................................................... 1, 2, 6

Cal. Civ. Code § 2924(a)6 .................................................................................. 1, 2, 6, 8

Cal. Civ. Code § 2934a(b) ........................................................................................ 2, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Western Progressive, LLC ("Western")[1] and Wells Fargo Bank, National Association, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC1, Mortgage Pass Through Certificates, Series 2006-WMC1 (the "Trust") (collectively, "Defendants") hereby submit the following Memorandum of Points and Authorities in support of its motion to dismiss Plaintiff Gina Wooding's complaint.

## I.   INTRODUCTION

This is a mortgage litigation action where Plaintiff Gina Woodring ("Plaintiff") concedes that she took out $791,200 from her original lender, WMC Mortgage Corp., and shortly thereafter defaulted on the loan. Foreclosure was commenced under the Deed of Trust. In connection with the foreclosure, Defendants recorded or caused to be recorded statutorily required foreclosure notices. Plaintiff alleges that Defendants violated several provisions of the California Civil Code when it recorded these notices. Plaintiff alleges six causes of action for violations of California Civil Code Sections 2923.5, 2924(a)5, 2924(a)(6) and 2923.6(c), violation of California Business and Professions Code Section 17200 ("UCL"), and declaratory relief. Plaintiff's claims fail for several reasons.

First, Section 2923.5 requires that a beneficiary under a Deed of Trust or an agent of the beneficiary attempt to contact the borrower before recording a Notice of Default. The judicially noticeable Notice of Default contains a declaration attesting to the fact that Western complied with this requirement before recording the notice. Moreover, Plaintiff acknowledges that Defendants entertained multiple loan modification applications from Plaintiff, which exceed any minimal contact requirements under Section 2923.5.

---

[1] Western filed a Non-Monetary Status in state court prior to removal, and, thus does not believe it is obligated to respond to the complaint, but to the extent the Court disagrees, Western joins in this motion to dismiss.

... 

Second, Section 2924(a)(5) requires a foreclosure trustee to give written notice of the postponement of a trustee's sale of the property. Plaintiff alleges that the sale of her property was postponed to April 7, 2014, but that she did not receive notice. The judicially noticeable Notice of Trustee's Sale, however, expressly states that the sale would occur on April 7, 2014. Thus, Plaintiff received notice of the sale date. In any event, Plaintiff has not adequately alleged any prejudice.

Third, Section 2924(a)(6) requires an entity recording a Notice of Default to be, among others, either the beneficiary under the Deed of Trust or the agent of the beneficiary. Plaintiff notes that Western recorded the Notice of Default before it was formally substituted in as the trustee under the Deed of Trust. Plaintiff alleges that this violation Section 2924(a)(6). Plaintiff's claim fails, however, because Cal. Civ. Code section 2934a(b) permits a Substitution of Trustee to be recorded after a Notice of Default. Again, Plaintiff has not adequately alleged any prejudice.

Fourth, the current version of Section 2923.6[2] prohibits lenders from instituting foreclosure proceedings while reviewing a borrower for a loan modification. Plaintiff alleges that Defendants violated this statute. Plaintiff's claim fails because Defendants instituted foreclosure proceedings in 2012, while the amended version of Section 2923.6 which enacts this rule did not take effect on January 1, 2013 and is not retroactive.

Fifth, Plaintiff's UCL and declaratory relief claims fail to state a claim because they are derivative of her other claims, discussed above, which also fail.

Accordingly, Defendants respectfully request that their motion to dismiss be granted.

---

[2] Prior to January 1, 2013, Section 2923.6 didn't have this requirement. Cal. Civ. Code § 2923.6 (statutory history); *See Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 223, fn. 9 (2010).

2

## II. BACKGROUND

On July 28, 2005, Plaintiff executed a promissory note and Deed of Trust secured by real property located at 20927 Wolfe Way, Woodland Hills, CA 91364 in favor of original lender, WMC Mortgage Corp., in return for a $791,200 loan. (Exhibit A to Defendants Request for Judicial Notice ("RJN")). On April 28, 2006, Mortgage Electronic Registration Systems, Inc., as nominee for WMC Mortgage Corp., executed an assignment of the Deed of Trust to the Trust. (Exhibit B to RJN) Plaintiff admits that sometime later she suffered financial hardship and defaulted on her loan. (Compl. ¶ 14.) On August 28, 2012, Western, acting as an agent for the Trust, recorded a Notice of Default on the property. (Exhibit C to RJN). On March 5, 2013, the Trust recorded a notice of Substitution of Trustee, formally substituting Western as the trustee under the Deed of Trust. (Exhibit D to RJN). That same day, Western recorded a notice of trustee sale on the property. (Exhibit E to RJN). Western postponed the sale of the property multiple times, recording Notice of Trustee's Sale on July 18, 2013, November 18, 2013, and March 5, 2014. (Exhibit F, G, H to RJN).

Plaintiff alleges that Defendants violated various provisions of the Civil Code by recording the above notices because Defendants failed to contact her to explore alternatives to foreclosure, recorded a Notice of Default before being formally substituted in as the trustee under the Deed of Trust, and for failing to re-notice a foreclosure sale after postponement. (Compl. ¶¶ 19, 21, 23, 27.) Plaintiff alleges her claim despite the contradictory allegations that she completed and submitted multiple loan modification applications and the Official Records of the County of Los Angeles reflect notice after notice of a trustee sale. (Compl. ¶ 28.)

## III. ARGUMENT

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, in resolving a motion to dismiss, the Court engages in a two-prong inquiry.

First, the Court accepts well-pled allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citation omitted).  Additionally, the Court need not "accept as true a legal conclusion couched as a factual allegation." *Id*. (citation omitted).  Nor need it accept as true allegations that contradict matters properly subject to judicial notice, exhibits to a complaint, or documents incorporated by reference into a complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Second, the Court determines whether the well-pled factual allegations are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

**B.     Plaintiff Fails to State a Claim for Violation of Civil Code Section 2923.5.**

Section 2923.5 requires a beneficiary of a Deed of Trust to attempt to contact the borrower to assess her financial situation and explore alternatives to foreclosure before recording a Notice of Default.  The court in *Mabry v. Superior Court* described the boundaries of this narrow obligation as follows:

> First, to the degree that the words "assess" and "explore" can be narrowly or expansively construed, they must be narrowly construed in order to avoid crossing the line from state foreclosure law into federally preempted loan servicing. Hence, any "assessment" must necessarily be simple—something on the order of, "why can't you

4
MOTION TO DISMISS


Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

> make your payments?" The statute cannot require the lender to consider a whole new loan application or take detailed loan application information over the phone. (Or, as is unlikely, in person.) Second, the same goes for any "exploration" of options to avoid foreclosure. Exploration must necessarily be limited to merely telling the borrower the traditional ways that foreclosure can be avoided (e.g., deeds "in lieu," workouts, or short sales), as distinct from requiring the lender to engage in a process that would be functionally indistinguishable from taking a loan application in the first place. In this regard, we note that section 2923.5 directs lenders to refer the borrower to "the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency." The obvious implication of the statute's referral clause is that the lender itself does not have any duty to become a loan counselor itself.

185 Cal. App. 4th 208, 232 (2010).

Under this backdrop, Plaintiff cannot plausibly contend that Defendants failed to meet their obligation under Section 2923.5 when Plaintiff at the same time admits that Defendants considered multiple loan modification applications from Plaintiff. (Compl. ¶ 14.)  The failure to obtain a loan modification cannot be a per se failure to explore alternatives to foreclosure when the statute does not require a beneficiary to modify a borrower's loan. *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2012) ("the statute does not—and legally could not—require the lender to modify the loan."). Moreover, the Notice of Default at issue contains a declaration by a representative of Western attesting to the fact that Western contacted Plaintiff to discuss alternatives to foreclosure and to provide her with the number to the Department of Housing and Urban Development. (Exhibit C to RJN) The Court should disregard allegations that are contrary to this judicially noticeable fact.

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

Moreover, the only relief available for violation of Section 2923.5 is a postponement of the trustee's sale. *Mabry*, 185 Cal. App. 4th at 223. Here, Plaintiff's own pleading admits that the trustee's sale was postponed. (See Compl. at 56.). Thus, Plaintiff's complaint here cannot seek any additional relief beyond what she admits she was already afforded. Accordingly, Plaintiff's Section 2923.5 claim should be dismissed.

### C. Plaintiff Fails to State a Claim for Violation of Civil Code Section 2924(a)(5).

Section 2924(a)(5) provides that whenever a sale is postponed for a period of at least 10 business days a beneficiary or authorized agent shall provide written notice to a borrower regarding the new sale date and time within five business days following the postponement. Plaintiff alleges that Defendants violated this statute because it postponed the sale of the property to April 7, 2014 without providing her with written notice. Plaintiff's claim is meritless because the judicially-noticeable Notice of Trustee's Sale recorded on March 5, 2014 expressly states that the sale date is April 7, 2014. (Exhibit H to RJN); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.) Thus, Plaintiff received notice of the new sale date and time.

### D. Plaintiff Fails to State a Claim for Violation of Civil Code Section 2924(a)(6).

A beneficiary of a Deed of Trust or an agent of the beneficiary may record a Notice of Default. Cal. Civ. C. § 2924(a)(1). The Trust's agent, Western, acting as the agent of the Trust, recorded a Notice of Default on the property on August 28, 2012. (Exhibit C to RJN). Plaintiff alleges that the Notice of Default is void because

the Trust had not formally substituted Western as the trustee under the Deed of Trust before Western recorded the Notice of Default. (Compl. ¶ 61). There is no support of Plaintiff's assertion. To the contrary, California Civil Code § 2934a(b) expressly permits a Substitution of Trustee to be recorded after a Notice of Default so long as there is a declaration of mailing. Specifically the statute provides:

> If the substitution is executed, but not recorded, prior to or concurrently with the recording of the Notice of Default, the beneficiary or beneficiaries or their authorized agents shall cause notice of the substitution to be mailed prior to or concurrently with the recording thereof, in the manner provided in Section 2924b, to all persons to whom a copy of the Notice of Default would be required to be mailed by the provisions of Section 2924b. An affidavit shall be attached to the substitution that notice has been given to those persons and in the manner required by this subdivision.

Cal. Civ. Code § 2934a(b).

Here, the Substitution of Trustee includes the required affidavit of mailing required by Section 2934a(b). (<u>Exhibit D</u> to Compl.) Accordingly, the Notice of Default recorded by Western prior to the substitution remains valid.

In any event, California courts have rejected challenges to foreclosures based on defects in a Notice of Default unless the defect was material and caused the borrower prejudice. *See, e.g., Perry v. National Default Servicing Corporation*, 2010 WL 3325623, at *3 (N.D. Cal. Aug. 20, 2010) (rejecting claim that Notice of Default was defective because it was signed by an incorrect party); *see also Gens v. Wachovia Mortgage Corp.*, No. CV10-01073, 2010 WL 1924777, at *6 (N.D. Cal. May 12, 2010) (courts in California have "rejected claims of deficient notice where no prejudice was suffered as the result of a procedural irregularity."). Plaintiff has failed to allege that a lack of formal substitution of Western before the recording prejudiced her in any way.

7
MOTION TO DISMISS

Accordingly, her Section 2924(a)(6) claim should be dismissed.

### E. Plaintiff Fails to State a Claim for Violation of Civil Code Section 2923.6(c).

The Homeowner's Bill of Rights ("HBOR"), which included several substantive amendments to the existing Civil Code section 2923.6, went into effect on January 1, 2013. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 86, fn 14 (2013). Plaintiff alleges that Defendants violated Civil Code § 2923.6(c) by commencing foreclosure even though Plaintiff submitted multiple loan modification applications. (Compl. ¶ 28.) Plaintiff's claim fails for several reasons.

First, Plaintiff never specifies when she submitted her complete loan modification application. Civil Code § 2923.6(c) states that "***If a borrower submits a complete application*** for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code 2923.6(c) (emphasis added). Section 2923.6(h) further explains that "an application shall be deemed 'complete' ***when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer***." Cal. Civ. Code § 2923.6(h) (emphasis added). Finally, Section 2923.6(c) provides that a "completed" loan modification application prohibits further steps towards foreclosure ***only*** if certain other acts have not occurred. See Cal. Civ. Code § 2923.6(c)(1)-(3).

Here, Plaintiff does not allege such basic facts as to when, how, and to whom she purportedly submitted a "complete" loan modification application ***as that term is defined in Section 2923.6(h)***. See, *e.g., Lindberg v. Wells Fargo Bank N.A.*, No. 13-0808, 2013 WL 1736785, \*3 (N.D. Cal. Apr. 22, 2013) ("Section 2923.6 provides only that a lender may not foreclose if the borrower 'submits a complete application for loan modification.' Because plaintiff cannot establish that she submitted a

completed modification application, this argument fails.") (internal citation omitted). Accordingly, she has not stated a claim under Section 2923.6.

Even presuming Plaintiff had pled facts showing that she submitted a "complete" loan modification application, she also fails to plead that none of the conditions set forth in Section 2923.6(c)(1)-(3) have taken place. For this additional reason, her claim must be dismissed.

Second and even more fundamentally, when Defendants recorded a Notice of Default on August 28, 2012, HBOR, including the current version of Civil Code section 2923.6, was not yet in effect. It is widely recognized that the Homeowner's Bill of Rights is not retroactive. *See McGough v. Wells Fargo Bank, N.A.*, No. 12–0050, 2012 WL 5199411, *5 n.4 (N.D. Cal. Oct. 22, 2012) ("The amendments [in the HBOR] do not go into effect until Jan. 1, 2013 and there is no indication that the law is intended to be, or will be, applied retroactively."); *Sepehry-Fard v. Aurora Bank FSB*, No. 12-00871, 2013 WL 2239820, *3 (N.D. Cal. May 21, 2013).[3] Thus, Defendants cannot be held liable for any purported violation of the HBOR, including an alleged violation of Section 2923.6(c).

### F. Plaintiff's UCL Claim Fails To State A Claim.

To state a claim under Business and Profession Code section 17200, et seq. (the "UCL"), a plaintiff must allege that a defendant engaged in an "unlawful, unfair or fraudulent business act or practice" as a result of which the plaintiff suffered an "injury in fact" and "lost money or property." See Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of Am.*, 115 Cal. App. 4th 322 (2004). "A

---

[3] *See also Hartford Life & Annuity Ins. Co. v. Doris Barnes*, No. 10–7560, 2012 WL 688817, *5 (C.D. Cal. Feb. 3, 2012) ("There is a presumption against the retroactive application of new legislative enactments. 'A statute that interferes with antecedent rights will not operate retroactively unless such retroactivity be the 'unequivocal and inflexible import of the terms, and the manifest intention of the legislature.'") (quoting *McClung v. Emp't Dev. Dept.*, 34 Cal. 4th 467, 475 (2004)); *W. & S. Life Ins. Co. v. State Bd. of Equalization*, 4 Cal. App.3 d 21, 34 (1970) ("[R]etrospective imposition of increased liabilities should be carefully avoided."

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Further, "[a] defendant's liability must be based on his personal participation in the … practices that are found to violate [the UCL]." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 808-09 (9th Cir. 2007) (quoting *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)).

Here, as demonstrated above, Plaintiff has also not pled the violation of any law or a fraudulent act on which she could premise a UCL claim. Thus, she has failed to state a claim under the "unlawful" prong of the UCL. *See Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) ("unlawful" prong requires underlying violation of law); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-91 (N.D. Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL."); *Rubio v. Capital One Bank* (9th Cir. 2010) 613 F.3d 1195, 1203 (A claim under the fraudulent prong must establish that reasonable members of the public are likely to be deceived.).

In addition, it is black letter law that "[t]o bring a claim under the UCL, … Plaintiffs must have suffered an injury in fact and lost money or property as a result of [the] alleged unfair or fraudulent practices." *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011) (citing CAL. BUS. & PROFS. CODE § 17204; *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 788 (2010)). Here, Plaintiff's has not plead how she was damaged by that alleged conduct. See *DeLeon*, 2011 WL 311376, at *7 (because "the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default … Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed"); *Justo v. Indymac Bancorp* (C.D. Cal. Feb. 19, 2010) No. 09-1116 JVS (AGRx), 2010 WL 623715, at *6 (dismissing UCL claim with prejudice where plaintiffs could not allege a causal

10
MOTION TO DISMISS

connection between the alleged injury and the allegedly unlawful act) (*citing Daro v. Superior Court* (2007)151 Cal. App. 4th 1079, 1099). Plaintiff remains in her property and there has yet to be a foreclosure.

### G. Plaintiff's Declaratory Relief Claim Fails Because There Is No Substantive Basis For Relief

Plaintiff's demand for declaratory relief should be dismissed because there is no viable substantive basis for this claim. Plaintiff's declaratory relief claim is based on the same alleged wrongful acts that, as demonstrated above, are not in fact wrongful or a basis for a legal or equitable claim. *Glue-Fold, Inc. v. Slautterback Corp*. (2000) 82 Cal. App. 4th 1018, 1023 n. 3 (a demand for declaratory relief is "dependent upon a substantive basis for liability" and has "no separate viability" if a plaintiff's other claims fail); *see also Padayachi v. Indymac Bank* (N.D. Cal. Apr. 9, 2010) No. C 09-5545 JF (PVT), 2010 WL 1460309, *2 (a plaintiff "may not maintain a claim for declaratory relief unless one of his other claims survives") (*citing Glue-Fold*, 82 Cal. App. 4th at 1023 n. 3); *Ball v. FleetBoston Fin. Corp* (2008)164 Cal. App. 4th 794, 800 (a demurrer is properly sustained as to a request for declaratory relief that is derivative of a non-viable cause of action); *Ochs v. PacifiCare of Cal*. (2004) 115 Cal. App. 4th 782, 793 (where the facts did not state a claim, no grounds for granting declaratory relief.); *Santos v. Countrywide Home Loans*, No. Civ. 2:09-02642, 2009 WL 3756337 at *5 (E.D. Cal. Nov. 6, 2009) (explaining that "declaratory and injunctive relief are not independent claims, but rather they are forms of relief") (citing *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997).

### IV. CONCLUSION

For the foregoing reasons, Defendants request that their motion to dismiss be sustained without leave to amend.

| | |
|---|---|
| Dated: June 6, 2014 | Respectfully submitted,<br><br>LOCKE LORD LLP<br><br><br>By: /s/ *Christopher Lee*<br>　　Nina Huerta<br>　　Christopher Lee<br>*Attorneys for Defendants OCWEN LOAN SERVICING, LLC, WESTERN PROGRESSIVE, LLC and WELLS FARGO BANK, N.A., as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC1, Mortgage Pass-Through Certificates, Series 2006-WMC1* |

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071