1  GIANDOMINIC VITIELLO (SBN #262244)
2  gdvitiello@kvklawyers.com
   **KATCHKO, VITIELLO & KARIKOMI, PC**
3  11500 W. Olympic Blvd., Suite 503
   Los Angeles, CA 90064
4  Tel.: (310) 943-9587
5  Fax: (424) 204-0401

6
   Attorney for Plaintiff
7  GINA WOODRING

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| GINA WOODRING, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware corporation; WESTERN PROGRESSIVE, LLC, a Delaware corporation; WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC1, Mortgage Pass-Through Certificates, Series 2006-WMC1; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | CASE NO. 2:14-CV-03416- BRO (Ex)<br><br>Honorable Beverly Reid O'Connell<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>[Removal from the Superior Court of California, Los Angeles County, Case No. BC541105]<br><br>Complaint Filed: April 1, 2014<br><br>Date:   July 21, 2014<br>Time:   1:30 p.m.<br>Place:  Courtroom 14 |

Plaintiff GINA WOODRING (hereinafter "Plaintiff") hereby responds in opposition to the Motion to Dismiss of Defendant OCWEN LOAN SERVICING, LLC (hereinafter "Defendant OCWEN" or "OCWEN") and Defendant WELLS FARGO BANK, N.A. (hereinafter "WFBNA") (collectively the "Defendants"):

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff filed the instant action on April 1, 2014 alleging causes of action against the Defendants as follows: (1) Declaratory Relief; (2) Violations of California Civil Code §2923.5; (3) Violations of California Civil Code §2924(a)(5); (4) Violations of California Civil Code §2924(a)(6); (5) Violations of California Civil Code §2923.6; (6) Violations of California Business & Professions. Code §§17200, et seq.  In response, the moving Defendants have filed a Motion to Dismiss which seeks to dismiss Plaintiff's adequately pled claims.

## II. BACKGROUND

This case revolves around the fraudulent, deceptive, unlawful, deceitful, and negligent business practices being carried out by the Defendants relating to the foreclosure of California properties.  On or around July 28, 2005, Plaintiff executed a Deed of Trust on her property located at 20297 Wolfe Way, Woodland Hills, California 91364 (hereinafter "subject property") with a mortgage corporation not a party to this action.  (Compl. ¶¶9-10). That Deed of Trust was recorded on August 10, 2005, and by its terms bestowed the power of sale only upon the sole trustee, WESTWOOD ASSOCIATES, A CALIFORNIA CORPORATION (hereinafter "Westwood Associates"). (Compl. ¶9-11).

The mortgage secured by the subject property was an unduly risky loan product, the sale of which has caused a financial crisis which has crippled California's real estate market. (Compl. ¶12). The predatory nature of the mortgage offered a low "teaser" rate which, through the "Adjustable Rate", would escalate at an unsustainable pace over time, resulting in exorbitant and unreasonable mortgage payments. (Compl. ¶12).

Some time after the execution of the mortgage documents, Defendant WFBNA became the mortgage beneficiary, and tasked Defendant OCWEN with the servicing obligations upon the mortgage attached to the subject property.

2

(Compl. ¶13). Harshly affected by the unprecedented decrease in property values, in addition to other financial hardships, Plaintiff was forced to default on the loan. (Compl. ¶14).

On August 28, 2012, Defendant WESTERN recorded a Notice of Default (hereinafter "NOD") against the subject property. (Compl. ¶15). The NOD effectively commenced non-judicial foreclosure proceedings and constitutes an exercise of the power of sale bestowed by the Deed of Trust. (Compl. ¶16). Defendant WESTERN PROGRESSIVE, LLC ("WESTERN") had no authority to record the NOD, had not been substituted as a trustee, was not a party to the Deed of Trust, and the NOD is therefore void. (Compl. ¶17).

The Defendants did not discuss alternatives to foreclosure with Plaintiff before they recorded the NOD. (Compl. ¶18). Prior to recording the NOD, Plaintiff was never able to explore options regarding loss mitigation because of the Defendants' failure to initiate contact. (Compl. ¶19). Plaintiff was not informed of her statutory right to request a meeting regarding foreclosure alternatives prior to recording of the NOD. (Compl. ¶19). Plaintiff never received contact information for the United States Department of Housing and Urban Development (HUD), the certified housing counseling agency, because both OCWEN and WFBNA neglected to provide Plaintiff with such essential counseling advice, which might have saved her from the unfortunate, drastic end of foreclosure. (Compl. ¶19). Neither OCWEN nor WFBNA nor any of their authorized agents made any effort, diligent or otherwise, to contact the Plaintiff regarding her financial situation. (Compl. ¶19).

Because such an extensive amount of time passed during which the Defendants continuously failed to communicate with Plaintiff regarding alternatives to foreclosure, OCWEN's and WFBNA's unlawfully passive conduct constituted a substantial and unreasonable delay. (Compl. ¶20). This delay contributed heavily to the damages incurred by Plaintiff at the hands of OCWEN

3

and WFBNA, and their substantial and unreasonable delay was caused by OCWEN's and WFBNA's substandard contact, servicing, and operations protocols. (Compl. ¶20).

On March 5, 2013, OCWEN and WFBNA recorded a Substitution of Trustee (hereinafter "SOT"), acknowledging Westwood Associates as the original trustee under the DOT, and substituting WESTERN as the new trustee, endowed with the power of sale. (Compl. ¶21). It is vital to note that at the time the NOD was recorded, Defendant WESTERN was <u>not</u> endowed with the power of sale. (Compl. ¶21). On March 5, 2014, exactly a year later, Defendants OCWEN, WFBNA and WESTERN recorded a Notice of Trustee's Sale (hereinafter "NTS") against the subject property, in spite of the fact that the erroneously recorded NOD was void. (Compl. ¶¶22-23).

Because Defendants OCWEN, WFBNA and WESTERN, and all their respective and shared authorized agents failed to immediately remove, redact, retract and cause to be void all foreclosure notices and foreclosure dates associated with the subject property, their continued failure to do so is undeniably and affirmatively the product of willful, intentional, despicable and deceitful conduct. (Compl. ¶25).

The despicable conduct of OCWEN and WFBNA was a strategic and illegal maneuver, designed to avoid discussing foreclosure alternatives with Plaintiff, who was on the brink of losing her home to foreclosure. (Compl. ¶26). Although OCWEN and WFBNA deceitfully pursued the foreclosure of the predatory loan made to Plaintiff, the foreclosure proceedings were not only based on void paperwork, but were performed without the procedural safeguards mandated by California law. (Compl. ¶26).

Plaintiff is informed and believes and thereupon alleges that the foreclosure sale date of the subject property was postponed for longer than ten (10) days after the NTS was issued. (Compl. ¶27). None of Defendants OCWEN, WFBNA or

WESTERN have reissued notice of the foreclosure sale following the postponement required by California law. (Compl. ¶27).

Plaintiff, acting in good faith, has submitted a completed loan modification application to OCWEN and WFBNA, yet both OCWEN and WFBNA failed to acknowledge the sufficiency of Plaintiff's loan modification applications. (Compl. ¶28). Instead, OCWEN and WFBNA have greedily continued to pursue the foreclosure of the subject property, and will attempt to complete a foreclosure sale by sidestepping any chance to modify Plaintiff's underlying mortgage loan. (Compl. ¶28).

Allowing the foreclosure sale to proceed against the subject property would constitute an extreme injustice to Plaintiff, yet OCWEN and WFBNA have set a firm date for the foreclosure sale in defiance of their joint and individual obligations under California law to discuss alternatives with Plaintiff prior to foreclosing. (Compl. ¶29).

### III.   ARGUMENT

#### A.   Legal Standard For Opposing Defendants' Motion To Dismiss.

A complaint should not be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Conley v. Gibson, 355 U.S. 41, 45-46, (1957)). When the legal sufficiency of a complaint's allegations is tested with a motion under Rule 12(b)(6), "[r]eview is limited to the complaint." (Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993)). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. (Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996)). The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. (Tyler v. Cisneros, 136 F.3d 603, 607 (9th Cir. 1998)). "Denial of leave to amend 'is improper unless it is clear . . . that the

complaint could not be saved by any amendment.'" <u>Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.</u>, 368 F.3d 1053, 1061 (9th Cir. 2004). Furthermore, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." (<u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001)).

> B. **Plaintiff Sufficiently Pled Her Claim That Defendants Violated Civil Code Section 2923.5.**

Defendants first argue that Plaintiff's allegations of not being contacted prior to recording of the NOD are spurious as "Plaintiff at the same time admits that Defendants considered multiple loan modification applications from Plaintiff. (Def. Mot. Dismiss, 5:17-20). Notably, Plaintiff makes no such contention and in fact alleges that although she has submitted applications to the Defendants, none have been considered or responded to. (Compl. ¶28). Defendants argument, then, must be disregarded.

Defendants go on to argue that they have already complied with the requirements under Civil Code section 2923.5 by providing a declaration tracking the language of the statute. However, when a plaintiff's allegations dispute the validity of defendant's declaration of compliance in a Notice of Default, the plaintiff has pled enough facts to a state a claim for relief that is plausible on its face. (See <u>Barrionuevo v. Chase Bank, N.A.</u> (N.D. Cal. 2012) 2012 U.S. Dist. LEXIS 109935 at p. *34; <u>see also</u> <u>Argueta v. J.P. Morgan Chase</u> (E.D. Cal. 2011) 787 F.Supp.2d 1099, 1107—even though defendants provided the Notice of Default showing that Quality Loan complied with the statute, the district court determined that the plaintiff's allegations to the contrary were sufficient to defeat a motion to dismiss). While this Court can take judicial notice of the recording of the Notice of Default, the Court cannot take judicial notice of the truth of the recitals contained therein. (<u>Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort</u> (2001) 91 Cal App 4th 875, 882).

Here, the complaint includes allegations showing that Defendant failed to comply with the requirements under Civil Code section 2923.5 prior to recording the Notice of Default. (See Compl. ¶¶5, 19, 24, 29, 41-50.)  The court must accept these allegations as true for purposes of the Motion to Dismiss.  Accordingly, Plaintiff's allegations of non-compliance are sufficient to overcome the Motion to Dismiss.

### C. Plaintiff Sufficiently Pled Her Claim That Defendants Violated Civil Code Section 2924(a)(5).

Defendant argues that Plaintiff has failed to allege any facts in support of her Cause of Action for Violations of Civil Code §2924(a)(5).  In truth, Plaintiff has pled all facts to prevail on the Motion to Dismiss.

California Civil Code §2924(a)(5) requires written notice to borrowers regarding new sale dates and times whenever a sale is postponed for a period of at least 10 business days.  Cal. Civ. Code §2924(a)(5). On March 5, 2014, Defendant OCWEN and WFBNA recorded an NTS against the subject property setting forth a trustee's sale date of April 7, 2014.  (Compl. ¶22 & Compl. Exh. "D").  However, unbeknownst to Plaintiff, the trustee's sale date was postponed for a period lasting longer than (10) days <u>and in fact has not yet occurred</u>.  No new notice has been issued or recorded reflecting any new trustee's sale date beyond April 7, 2014.  As a result, Defendants have failed to comply with Civil Code §2924(a)(5) and for this reason the Motion should be overruled.

### D. Plaintiff Sufficiently Pled Her Claim That Defendants Violated Civil Code Section 2924(a)(6).

Plaintiff's underlying allegations plead that Defendant WESTERN was neither a party to the Deed of Trust, Substituted Trustee, nor an authorized party empowered to commence foreclosure against the subject property.  Defendants argue that although WESTERN had not been substituted as trustee prior to the recording of the NOD, WESTERN was an agent of the beneficiary at the time of

7

recording. In doing so, Defendants have posited their version of facts which are not among the pleadings at issue and are not proper for consideration at this time. Plaintiff has never pled that WESTERN is an agent for the Defendants. Should Defendants actually have facts which dispute Plaintiff's allegations, the proper means to resolve this issue would be a Motion for Summary Judgment.

Plaintiff agrees that a properly authorized agent of a beneficiary may commence foreclosure by recording a Notice of Default pursuant to Cal. Civ. C. § 2924(a)(1). Plaintiff disputes, however, that WESTERN was an agent or was otherwise authorized to commence foreclosure by the mortgage beneficiary. Indeed, Plaintiff has pled these allegations in her Complaint:

> Defendant WESTERN had no authority to record the NOD either as beneficiary, trustee, substituted trustee or agent of the beneficiary as defined by Cal. Civ. Code § 2924(a)(6). Indeed, Defendant WESTERN had not been substituted as trustee and was a non-party to the DOT. In all respects, Defendant WESTERN is an uninterested third-party to the DOT and all obligations secured therein. As a result, Defendant WESTERN's recording of the NOD violates Cal. Civ. Code § 2924(a)(6). The NOD is therefore void and carries no legal weight whatsoever.

(Compl. ¶61). Plaintiff's allegations describe that WESTERN did not commence foreclosure as a properly authorized party. Defendants' appeal to procedures by which trustees are substituted before and after recording of Notices of Default is a red-herring and should not be considered by this Court. In truth, Plaintiff's allegations fully plead the alleged violation.

In the alternative, Defendants argue that WESTERN's initiation of foreclosure, improper or not, has not prejudiced the Plaintiff. On the contrary, Plaintiff has pled damages and prejudice:

> Plaintiff has been directly and proximately damaged by and through the improper and unjustifiable recording of the NOD as Plaintiff's property has been subjected to, and continues to

8

be subjected to, wrongfully initiated foreclosure proceedings.

(Compl. ¶62). Accordingly, Defendants' Motion must be overruled.

### E.  Plaintiff Sufficiently Pled Her Claim That Defendants Violated Civil Code Section 2923.6(c).

Pursuant to Cal. Civ. Code § 2923.6(c), if a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. Cal. Civ. Code §2923.6(c). Defendant argues that protection under §2923.6 is only triggered where the Plaintiff alleges submission of a completed loan modification. Plaintiff agrees.  Defendants however, have again overlooked Plaintiff's sufficiently specific pleadings which allege that numerous <u>complete</u> applications were submitted:

> Plaintiff has submitted a multitude of <u>completed</u> loan modification applications <u>within the meaning of Cal. Civ. Code §2923.6(c)</u> to Defendants OCWEN AND WFBNA. Defendants OCWEN AND WFBNA have failed to acknowledge the sufficiency of Plaintiff's loan modification applications. Defendant OCWEN AND WFBNA have failed to respond meaningfully with regard to Plaintiff's candidacy for loan modification programs. Instead, Defendant OCWEN AND WFBNA continue to pursue the foreclosure sale without providing Plaintiff with the opportunity to modify the underlying mortgage loan.

(Compl. ¶28) (emphasis added).  Plaintiff has thus alleged the submission of a completed loan modification application despite Defendant's contentions to the contrary. Based upon the foregoing, the Motion to Dismiss must be overruled.

Secondly, Defendants argue that the Section 2923.6 claim should not apply retroactively to the recording of the NOD. (Def. Mot. Dismiss 9:7-16). Again,

9

Defendants are making a red-herring argument to the Court which steps away from the pleaded facts. Plaintiff specifically alleges that without having received responses on her submitted loan modification applications, Defendants recorded a <u>Notice of Trustee's Sale</u> on March 5, 2014 and that this act comprises the violation which forms the basis of Plaintiff's claim:

> 67. Plaintiff has submitted a multitude of completed first lien loan modification applications within the meaning of Cal. Civ. Code § 2923.6(c) to Defendant OCWEN AND WFBNA. Defendant OCWEN AND WFBNA have failed to acknowledge the sufficiency of Plaintiff's loan modification applications. Defendant OCWEN AND WFBNA have not responded meaningfully with regard to Plaintiff's candidacy for loan modification programs or the pending applications. Instead, Defendant OCWEN AND WFBNA continue to pursue the foreclosure of the subject property and intends to complete a foreclosure sale without providing Plaintiff with the opportunity to modify the underlying loan.

(Compl. ¶67).

****

> 69. On March 5, 2014, Defendants OCWEN, WFBNA and WESTERN recorded a NTS against the subject property as Instrument Number 20140226374. (See Exhibit "D"). Plaintiff's loan modification application is and was pending at the time the NTS was recorded.

(Compl. ¶68).

It is indisputable that Section 2923.6 applies to alleged violations which occurred after its enactment on January 1, 2013. Plaintiff has alleged such a violation and the Motion to Dismiss must be overruled as a result.

//
//
//

F.  **Plaintiff's UCL Claim Is Sufficiently Pled.**

Defendant OCWEN AND WFBNA argues that Plaintiff's claim for Violations of Cal. Bus. & Prof. Code §§ 17200 *et seq.* fails because it does not allege any unlawful or fraudulent conduct.

The term "fraudulent" as used in section 17200 "does not refer to the common law tort of fraud" but only requires a showing that members of the public "are likely to be deceived." (Puentes v. BAC Home Mortg., Inc., 160 Cal.App.4th 638, 645 (2008) (citing Saunders v. Superior Court, 27 Cal.App.4th 832, 839 (1994); Byars v. SCME Mortgage Bankers, Inc., 109 Cal.App.4th 1134, 1147 (2003)). "Unless the challenged conduct 'targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer.'" *Id.* (quoting Aron v. U-Haul Co. of Cal., 143 Cal.App.4th 796, 806).

As shown hereinabove, Plaintiff has properly pled facts evidencing a failure on behalf of Defendants to perform as required by Cal. Civ. Code §§ 2923.5 & 2923.6(c) & 2924(a)(5).  Plaintiff has thusly been deprived of certain loss mitigation options in the alternative to foreclosure.  (*See generally* Compl.). Defendants overlook the fact that Plaintiff's Complaint incorporates all facts and causes of action pleaded within the Complaint into the cause of action brought under Cal. Bus. & Prof. Code §§ 17200 *et seq.,* and in doing so satisfies the pleading requirements as Plaintiff has fully pled facts which support intentional avoidance of those obligations as imposed by Cal. Civ. Code §§ 2923.5 & 2923.6(c) (*See generally*, Complaint).  Accepting Plaintiff's allegations here as true, the Court must find that Plaintiff has met the pleading standard for a claim under UCL. *See, e.g.,* Sullivan v. Wash. Mut. Bank, FA, No. C-09-2161 EMC, 2009 WL 3458300, at *4-5 (N.D.Cal. Oct. 23, 2009) (concluding that the initiation of foreclosure proceedings put the plaintiff's interest in her property sufficiently in jeopardy to allege an injury under section 17200); Rabb v. BNC Mortgage, Inc.,

CV 09-4790 AHM (RZx), 2009 WL 3045812, at *2 (C.D.Cal. Sept. 21, 2009) (same).

### G.     Plaintiff's Declaratory Relief Claim Is Sufficiently Pled.

A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties with respect to property and requests that the rights and duties of the parties be adjudged by the court. (Wellenkamp v. Bank of America (1978) 21 Cal.3d 943, 973).  Cal. Code of Civil Procedure § 1060, provides, in pertinent part:

> Any person interested under a written instrument ... or under a contract, or who desires a declaration of his or her rights or duties with respect to another ... may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties…

Cal. Code Civ. Proc. § 1060. As evidenced within the underlying Complaint, there are outstanding issues with respect to whether Defendant OCWEN AND WFBNA have the right to foreclose upon the subject property in light of the facts Defendant WESTERN was not authorized to initiate foreclosure proceedings at the time the NOD was recorded.  (Compl. ¶ 21). Indeed, an actual controversy has arisen and now exists between Plaintiff and all Defendants concerning their respective rights and duties with regard to the subject property, and this controversy can only be resolved by the intervention of this Court.  (See generally Compl.).

//
//
//
//
//

12

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

## IV. CONCLUSION

Based upon the foregoing, it is respectfully requested that Defendants' Motion to Dismiss be overruled in its entirety. Alternatively, if this Court is inclined to grant any portion of Defendants' Motion to Dismiss Plaintiff respectfully requests thirty (30) days' leave to amend.

**DATED:** June 30, 2014             **KATCHKO, VITIELLO & KARIKOMI, PC**

                                             By: /S/ GIANDOMINIC VITIELLO
                                                      GIANDOMINIC VITIELLO,
                                                      Attorney for Plaintiff Gina Woodring.

# CERTIFICATE OF SERVICE
## WOODRING V. OCWEN LOAN SERVICING, LLC
## CASE NO. 2:14-CV-03416 BRO (Ex)

  I am an employee in Los Angeles County, State of California. I am over the age of 18 and not a party to the within action. My business address is 11500 W. Olympic Blvd., Suite 400, Los Angeles, California 90064. On June 30, 2014, I served the foregoing documents described as **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** the interested parties in said action:

SEE ATTACHED SERVICE LIST

☐  **BY MAIL** as follows**:**

  ☐  **REGULAR MAIL** – I am "readily familiar" with Katchko, Vitiello & Karikomi's practice of collection and processing correspondence for mailing. Pursuant to that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☒  **BY CM/ECF ELECTRONIC FILING:** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☒  **FEDERAL**: I declare that I am employed in the office of a member of the state bar of this court at whose direction the service was made.

**DATED**: June 30, 2014         /S/ GIANDOMINIC VITIELLO
                       GIANDOMINIC VITIELLO

# SERVICE LIST
## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
### WOODRING V. OCWEN LOAN SERVICING, LLC. – CASE NO. 2:14-CV-03416 BRO (Ex)

| | |
|---|---|
| Nina Huerta, 229070<br>nhuerta@lockelord.com<br>Christopher Lee, 274639<br>clee@lockelord.com<br>300 South Grand Avenue, Suite 2600<br>Los Angeles, CA 90071 | Attorneys for Defendants<br>OCWEN LOAN SERVICING, LLC, WESTERN PROGRESSIVE, LLC and WELLS FARGO BANK, N.A., as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC1, Mortgage Pass-Through Certificates, Series 2006-WMC1 |